# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**ENNIS LEE BROWN,**
                              Plaintiff,

v.                                                    **Case No. 16-cv-241-pp**

**CAPTAIN GARTH-DICKENS, et al.,**
                              Defendants.

---

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION TO AMEND/CORRECT NAME OF DEFENDANT (DKT. NO. 15), GRANTING PLAINTIFF'S MOTION TO AMEND/CORRECT AMOUNT OF DAMAGES (DKT. NO. 15), DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 16), DENYING PLAINTIFF'S MOTION FOR RECUSAL (DKT NO. 17), AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATIOIN (DKT. NO. 18)**

---

The plaintiff alleges that the defendants violated his constitutional rights when he was confined at the Milwaukee County Criminal Justice Facility (MCCJF). Dkt. No. 10. On June 30, 2016, the court screened the amended complaint and identified the claims upon which it would allow the plaintiff to proceed in this case. Dkt. No. 11 at 8. The plaintiff has filed a motion to amend/correct the name of a defendant and amount of damages (Dkt. No. 15), a motion for reconsideration of the court's decision denying his motion to appoint counsel (Dkt. No. 16), a motion for recusal (Dkt. No. 17), and a motion for reconsideration of the court's dismissal of Sheriff of David Clarke (Dkt. No. 18). The court resolves those motions in this order.

1.     <u>Motion for Recusal</u>

1

The plaintiff has filed a motion to recuse Judge Pepper for bias, pursuant to 28 U.S.C. §455(a). Dkt. No 17. He asserts that the court has "continually neglected her equalitarian duty, when failing to inquire further into Mr. Brown's claims," either ignoring them or dismissing them. Id. at 1. The plaintiff states that he has valid claims, and that the court has blatantly passed over the factual issues to erroneously dismiss the claims. He asserts that the court has shown deliberate bias, and he asks that the court recuse itself from this case, as well was from his other two cases (Case No. 15-cv-509-PP, Case No. 16-cv-632-PP).

Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." The plaintiff asks the court to recuse itself because he disagrees with the contents of the court's judicial rulings. "First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). The plaintiff does not suggest that Judge Pepper relied on knowledge acquired outside of the judicial proceedings, or displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. See id. at 556. The court will deny the plaintiff's request for disqualification under §455.

2.     Motion to Amend or Correct Defendant and Amount of Damages

In this motion, the plaintiff asks to substitute Milwaukee County in place of former defendant Milwaukee County Sheriff's Department. Dkt. No. 15. He

2

also asks to increase his damages request on each claim from $75,000 to $275,000, and he seeks $5,500,000 punitive damages. Id.

When it screened the amended complaint, the court dismissed the Milwaukee County Sheriff's Department because it is not a legal entity that can be sued. Dkt. No. 11 at 9. The court also stated that even if the plaintiff meant to sue Milwaukee County, he had not stated a claim against the county, because he had not alleged that a county policy, custom, or practice caused the harm he indicates that he suffered. Id. For the same reason, the court will not allow the plaintiff to replace dismissed defendant the Milwaukee County Sheriff's Department with Milwaukee County.

With regard to the plaintiff's motion to increase his request for damages, the court will allow this request. The court advises the plaintiff that if and/or when he files a second amended complaint identifying the Doe defendants, he should include the new damages amounts in that amended complaint.

3.    Motion for Reconsideration to Appoint Counsel

The plaintiff has asked the court to reconsider its denial of his motion to appoint counsel. Dkt. No. 16. He states that he needs help conducting discovery. Id. at 1. According to the plaintiff, it took him eleven months to obtain a partial copy of the record from the defendants. Id. He also indicates that an attorney would help him to clarify his claims, as well as to bridge the misinterpretation, confusion and communications between him and the court. Id. at 3. By way of example, the plaintiff cites to the court's dismissal of Sheriff Clarke in its screening order. Id. The plaintiff states that the court dismissed

3

Sheriff Clarke despite the fact that Sheriff Clarke's policy-making allowed certain alleged misconduct to take place.[1] Id.

In the screening order, the court denied without prejudice the plaintiff's second motion to appoint counsel. Dkt. No. 11 at 11. The court explained why:

> The court found in its order denying the first motion that the plaintiff had satisfied the initial requirement of trying to find an attorney on his own. Dkt. No. 8. The court agrees with the plaintiff that this case is complex; it involves numerous defendants and several claims, including medical care claims. In addition, the plaintiff is no longer confined in a Milwaukee County facility. Despite these hurdles, however, the court still believes that the plaintiff may proceed on his own at this time. Contrary to the plaintiff's statement in this second motion, the court hasn't seen any evidence that the plaintiff has a hard time understanding the court's rulings. In fact, he did exactly what the court advised him to do in filing this amended complaint—he appears to have understood the court's May 31, 2016 instructions quite well.
>
> The next step in the case is for the defendants to answer the amended complaint. Once they do that, the court will issue a scheduling order setting deadlines for identifying the Doe defendants and amending the complaint to add their real names, for the completion of discovery, and for filing dispositive motions. With regard to discovery, the plaintiff will need to identify the Doe defendants if he wants to proceed against them.[2] Based on the plaintiff's filings in this case, his demonstrated understanding of the court's orders relative to his claims, and his knowledge of the facts of his claims, the court believes that he can engage in this discovery, and probably engage in pretrial motion practice, on his own. Accordingly, the court will deny without prejudice the plaintiff's motion to appoint counsel.

Dkt. No. 11 at 11-12.

---

[1] The court will address the dismissal of Sheriff Clarke in the next section of this order, which addresses the plaintiff's motion for correction or amendment regarding the court's dismissal of Sheriff Clarke (Dkt No. 18).

[2] The plaintiff may request assistance from the court if he can't identify the Doe defendants through the use of discovery on his own. See Donald v. Cook Cnty.Sheriff's Dep't, 94 F.3d 548, 555-56 (7th Cir. 1996).

4

The court still believes that the plaintiff can litigate on his own at this stage of the proceedings. The plaintiff refers to the length of time it takes him to receive information from the defendants. This is, in part, because the court has not yet entered a scheduling order setting deadlines for filing an amended complaint identifying the Doe defendants, for the completion of discovery, and for filing dispositive motions. (The court issues scheduling orders in cases after the last named defendant has filed an answer to the complaint.) The court will be issuing that scheduling order on the same day that it enters this order; at that point, the defendants (and the plaintiff) will have deadlines by which they are required to complete discovery. If the plaintiff finds that he needs more time to conduct discovery, he may request additional time from the court.

Finally, the court advises the plaintiff that, *if* the defendants do not respond to his discovery requests, he may file a motion a compel discovery with the court. Before he files such a motion, however, the court's rules require him to confer, or to try to confer, with counsel for the defendants, to try to resolve any discovery issues before asking the court for help.[3] While the court

---

[3] As the court previously advised the plaintiff in its July 11, 2016 order, the way to obtain information during the course of this case is to serve discovery requests on the defendants, not to make discovery requests to the court. Rules 26 through 37 of the Federal Rules of Civil Procedure describe the various ways in which a party can seek discovery. The plaintiff should send his discovery requests to the appropriate defendant's attorney.

The court becomes involved in the discovery process only if a party fails to respond to interrogatories or requests for production of documents. Then, the other party may file a motion to compel discovery with the court, but only after conferring or attempting to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Such an attempt to resolve discovery disputes between parties is required before filing a

5

understands that people who are in prison can't call or e-mail opposing counsel, the plaintiff can satisfy his obligation to confer with opposing counsel by writing counsel a letter, and giving counsel a reasonable amount of time to respond to that letter.

The court will deny the plaintiff's motion for reconsideration of his request for appointment of counsel.

4.     Motion for Correction or Amendment

The plaintiff has filed a motion for correction or amendment regarding the court's dismissal of Sheriff Clarke in the screening order. Dkt. No. 18. He states that the court erred when it dismissed Sheriff Clarke. According to the plaintiff, Sheriff Clarke is a policy-maker, and acted in an administrative role when he defied a court order directing him to stop serving pretrial detainees nutra-loaf. Dkt. No. 18 at 1-2. The plaintiff states that Sheriff Clarke was the policy-maker who allowed his segregation placement and feeding of nutra-loaf prior to due process hearings, as a punishment for being "accused" of an infraction. Id. at 2. He asks that the court correct the error, and allow him to seek relief for injuries received while a pre-trial detainee, under the supervision and policies of Sheriff Clarke. Id. at 3.

In the screening order, the court explained why it was dismissing Sheriff Clarke as a defendant:

> Nor will the court allow the plaintiff to proceed against Sheriff Clarke. "The doctrine of respondeat superior cannot be

motion to compel discovery. The motion should describe these efforts. See Fed. R. Civ. P 37(a); Civil L. R. 37 (E.D. Wis.).

used to impose §1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights." <u>Gossmeyer v. McDonald</u>, 128 F.3d 481, 495 (7th Cir. 1997). A supervisor is liable under §1983 only if the supervisor, "with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. . . . [P]ersonal involvement is a prerequisite for individual liability in a §1983 action." <u>Id.</u> (citations omitted). The plaintiff's allegations against Clarke are conclusory; that is, he simply states that the sheriff was responsible for the other defendants, and failed to address the issues of which he complains. The plaintiff does not allege that Sheriff Clarke had any personal involvement in, or knowledge of, the plaintiff's claims. See <u>Palmer v. Marion County</u>, 327 F.3d 588, 593–94 (7th Cir. 2003).

Dkt. No. 11 at 9.

That reasoning has not changed. Sheriff Clarke is not a proper defendant, for the reasons explained above. Accordingly, the court will deny the plaintiff's motion.

5.    <u>Conclusion</u>

The court **DENIES** the plaintiff's motion to amend/correct name of defendant. Dkt. No. 15.

The court **GRANTS** the plaintiff's motion to amend/correct the amount of damages. Dkt. No. 15.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 16.

The court **DENIES** the plaintiff's motion for recusal. Dkt. No. 17.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 18.

Dated in Milwaukee, Wisconsin this 11th day of October, 2016.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**