UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

**ENNIS LEE BROWN,**

                          Plaintiff,

v.                                                      **Case No. 16-cv-241-pp**

**CAPTAIN GARTH-DICKENS, LT. REAVES,
LT. BRIGGS, LT. MONTANO,
LT. ANDRYKOWSKI, LT. ARTUS,
CO SHERRER, DEPUTY MCCOY,
DEPUTY SCHROEDER, SGT. SAWCZUK,
NURSE PRACTITIONER DOE, DR. JANE DOE,
NURSE DOES, SOCIAL WORKER DOES,
CO JOHN DOES, AND DEPUTY JOHN DOES,**

                          Defendants.

_____

**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S MOTION TO AMEND AND ADD PARTIES (DKT. NO. 28); DENYING THE PLAINTIFF'S MOTION FOR SUBSTITUTION OF JUDGE (DKT. NO. 31); DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS (DKT. NO. 33); DENYING THE PLAINTIFF'S MOTION FOR AMENDMENT OF CLERICAL ERRORS BY CLERK OF COURT (DKT. NO. 38); DENYING THE PLAINTIFF'S MOTION SEEKING THE COURT'S ASSISTANCE IN OBTAINING THE NAMES OF DEFENDANTS AND OBTAINING THEIR DEPOSITIONS (DKT. NO. 40), GRANTING IN PART AND DENYING DEFENDANTS' JOINT MOTION TO STAY DISCOVERY (DKT. NO. 43); AND GRANTING THE DEFENDANTS' JOINT MOTION FOR ENTRY OF A BRIEFING SCHEDULE (DKT. NO. 44)**

_____

      The plaintiff, who is incarcerated at the Waupun Correctional Institution, alleges that the defendants violated his constitutional rights when he was confined at the Milwaukee County Criminal Justice Facility (MCCJF). Dkt. No. 10. On June 30, 2016, the court screened the amended complaint, and

identified the six claims upon which the plaintiff could proceed in this case.[1] Since that time, the parties have filed several motions, which the court addresses here.

1. *Plaintiff's Motion to Amend and Add Parties*

The plaintiff has filed a motion to amend and add parties. Dkt. No. 28. First, he asks to amend the complaint to add "policy" claims against Milwaukee County and Sheriff David Clarke. Id. at 1-2. The plaintiff alleges that Milwaukee County policy permitted violations of his and other pretrial detainees' procedural due process rights. Id. at 1. He also states that jail policy provided for unconstitutional conditions of confinement in that it deprived inmates of mattresses, showers, adequate food, phones, and due process hearings. Id. The plaintiff alleges that Sheriff Clarke imposed these policies. Id. at 2.

---

[1] Specifically, the court allowed the plaintiff to proceed on the following constitutional claims: (1) Fourteenth Amendment excessive force and Eighth Amendment failure to provide medical care claims against CO Hannah and three John Doe CO's, based on the February 6, 2013, incident; (2) Eighth Amendment deliberate indifference claim against Nurse Practitioner Jane Doe and Dr. Jane Doe for continuing to prescribe harmful medication to the plaintiff between November 2012 and June or July 2013; (3) Fourteenth Amendment excessive force claim against Deputy Schroeder and Eighth Amendment deliberate indifference/failure to provide medical care claim against Deputy McCoy, Sgt. Sawczuk and Deputy John Does #1, #2, #3, and #4, related to the March 29, 2013, stun gun incident; (4) Fourteenth Amendment due process and Eighth Amendment conditions of confinement claims, based on being placed in segregation without a hearing and the conditions in segregation, against Major Jane Doe, St. Sawczuk, Lt. Finkley, and Deputy John Doe #1; (5) Eighth Amendment deliberate indifference claim against Jane Doe #2, Jane Doe #3, Lt. Reeves, Capt. Garth Dixon, Lt. Artison, and CO Scherer based on the July 30, 2013, suicide attempt; and (6) Eighth Amendment deliberate indifference/medical care claim against CO John Doe #6, CO John Doe #7, CO John Doe #8, Lt. Reeves, Lt. Briggs, Lt. Finley, Lt. Montoya, Lt. Anderkowski, Lt. Artison, Nurse Jane Doe #3, Nurse Jane Doe #4, Nurse Jane Doe #5, Nurse Jane Doe #6, CO #6, CO #7, CO #8, CO #9, CO #10, and CO #11 based on the plaintiff's face and MRSA.

Second, the plaintiff identifies some of the Doe defendants, and he asks the court to add the newly identified defendants as parties. Id. at 2-3. The plaintiff identifies the Jane Doe Nurses as Nurse Vicki, Nurse Brenda and Nurse Brenda (the court will refer to the Nurses Brenda as Nurse Brenda 1 and Nurse Brenda 2); he identifies the Social Worker Does as Malinda and Sara; he identifies the correctional officer John Does as Officer Wilborn, Officer Mizdiak, Officer Hubber, Officer Yang, Officer Webb, Officer Hannah, Officer Ruiz, Officer Mercado, Officer Briggs, and Officer Stephen; and he identifies Major Jane Doe and Major Ambrose. Id. at 2-3, 4. The plaintiff also asks the court to assist him in obtaining the name of Dr. Jane Doe. Id. at 4.

Third, the plaintiff asks to add several new claims against existing defendants. Id. at 3. He alleges that on August 1, 2013, Officer Mercado and Nurse Brenda stood by, not assisting the plaintiff or getting help for him, when he continually rammed his head into the door while on "suicide watch." Id. On August 3, 2013, Dr. Jane Doe visited the plaintiff as his cell. Id. The plaintiff had visible knots and bruises from an attempted suicide. Id. Dr. Jane Doe failed to get the plaintiff medical attention and refused to address the reason he was not placed in "special needs." Id. The plaintiff also alleges that Major Ambrose (former Major Jane Doe) ordered him to be kept in segregation after March 29, 2013, even though Ambrose knew that the plaintiff had urgent mental health needs, including issues with suicide attempts. Id. at 4.

The court will update the docket to reflect the identification of the Doe defendants. With regard to the plaintiff's request for the court's assistance in

3

identifying Dr. Jane Doe, the plaintiff should let the court know what steps he has taken so far to identify her, including whether he requested her name from the defendants and what response, if any, he received from them. This will help the court to assist the plaintiff, if needed.

With regard to the plaintiff's request to amend the complaint to add new claims, the plaintiff has not filed a proposed amended complaint. The court's Local Rules require that any amendment to a pleading must reproduce the entire pleading as amended. Civil L.R. 15(a) (E.D. Wis.). The plaintiff must file the proposed amended complaint as an attachment to the motion to amend. Civil L.R. 15(b) (E.D. Wis.). Because he has not attached a full, proposed amended complaint, the court will deny the plaintiff's motion to amend the complaint.

   2. *Plaintiff's Motion for Substitution of Judge*

The plaintiff has filed a motion for substitution of judge. Dkt. No. 31. He states that he does not believe he will receive a fair trial and unbiased decision from Judge Pepper. Id. at 1. The plaintiff also states that Judge Pepper contradicted herself in two of the plaintiff's prior cases, and misapplied Supreme Court rulings. Id. He cites to two of his prior cases, Brown v. Hicks, Case No. 15-cv-509-PP (E.D. Wis.), Brown v. Milwaukee Cnty. Public Defenders Office, Case No. 16-cv-632-PP (E.D. Wis.). The plaintiff goes on to explain the errors he believes Judge Pepper made in those cases. Dkt. No. 31 at 1-2. The plaintiff has appealed both cases to the Court of Appeals for the Seventh Circuit.

Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). The plaintiff's motion does not allege that Judge Pepper is not impartial, nor does he argue that she relied upon knowledge acquired outside his judicial proceedings, or displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. See id. at 556. Rather, he argues that Judge Pepper got it wrong when she made the decisions in those other cases. That is not a basis for disqualifying a judge; that is a basis for appealing the judge's rulings, and the plaintiff has done that in both of his other cases. The court will deny plaintiff's request for disqualification under § 455.

   3. *Defendants' Motions to Dismiss for Failure to Exhaust Administrative Remedies*

On October 28, 2016, the defendants filed a joint motion to dismiss for failure to exhaust administrative remedies. Dkt. No. 33. The plaintiff filed a response to the motion on November 3, 2016. Dkt. No. 41.

On November 3, 2016, the defendants filed an *amended* joint motion to dismiss the plaintiff's case for failure to exhaust administrative remedies, which included a request that the court stay further proceedings.² Dkt. No. 43.

---

² The defendants' amended motion references an "accompanying supporting brief and supporting declarations[.]" Dkt. No. 43 at 1. Neither a supporting brief nor supporting declarations accompanied the amended motion to dismiss. The court presumes that because the defendants filed the amended motion for the sole purpose of supplying the required language and procedural rules to the *pro se* plaintiff, and that the defendants

5

The defendants attached to the motion the text of Civil Local Rules 56 and 7, and Federal Rule of Civil Procedure 56(c), (d), and (e). In addition to dismissal, the defendants request that the court stay further proceedings, including discovery, pending a decision on their motion. Dkt. No. 43 at 1.

On November 16, 2016, the defendants filed a joint motion for entry of a briefing schedule with regard to their joint amended motion to dismiss on exhaustion grounds. Dkt. No. 44. The defendants assert that at the time the plaintiff filed his response to their first motion to dismiss, he did not have the benefit of the text of Rules 56 and 7, as required by the Local Rules. Dkt. No. 44 at 2. The defendants ask the court to issue a briefing schedule clarifying that the plaintiff must file his response to their amended motion to dismiss within twenty-one days of service of the motion, and that the defendants must file their reply within fourteen days of service of the response. Dkt. No. 44 at 2. The plaintiff opposes this motion. Dkt. No. 47. He states that he needs to conduct more discovery before he can respond to the defendants' amended motion to dismiss. Id. at 1.

The Prisoner Litigation Reform Act requires a prisoner to exhaust available administrative remedies before he may challenge in a federal court the conditions of his confinement. Waggoner v. Lemon, 778 F.3d 586, 588 (7th Cir. 2015) (citing 42 U.S.C. § 1997e(a)). In a case where there are questions of fact regarding whether a plaintiff has exhausted his administrative remedies, a court should conduct a hearing on exhaustion, and permit any discovery it

---

are relying in this amended motion on the supporting brief and declarations attached to their first motion to dismiss.

deems appropriate regarding the exhaustion issue. Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008). The case should proceed to a determination on the merits only if the court determines that the plaintiff has properly exhausted his administrative remedies, or that the plaintiff's failure to exhaust was not his fault. Id. If the court determines that the plaintiff was at fault for his failure to exhaust, "the case is over." Id. If there comes a point where the court concludes that the plaintiff has exhausted his remedies, "the case will proceed to pretrial discovery, and if necessary a trial, on the merits . . . ." Id.

The court will deny as moot the defendants' first motion to dismiss, because the amended motion replaces it. Because the court could dismiss this case if it finds that the plaintiff did not exhaust his administrative remedies, the court will grant the defendants' request to stay proceedings until the court resolves the exhaustion issue, *except* that the court will give the plaintiff forty-five days to conduct discovery limited to the exhaustion issue. The court also will grant the defendants' motion for a briefing schedule. At the end of this order, the court sets forth the plaintiff's deadline for the completion of discovery on the issue of exhaustion of administrative remedies, the deadline for the plaintiff to respond to the defendants' amended motion to dismiss, and the deadline for the defendants to reply.

   *4. Plaintiff's Motion to Amend/Correct Docket*

The plaintiff has filed a motion for amendment of clerical errors by the Clerk of Court. Dkt. No. 38. He asks the court to amend the spelling of defendant Capt. Garth-Dickens' name back to "Garth-Dixon." Id. at 1. The

7

defendants' Notice of Appearance, however—which they filed on August 3, 2016—states that the correct spelling of Captain Garth-Dickens' name is "Garth-Dickens." Dkt. No. 19 at 1. The court will use the name that the defendant uses.

The plaintiff also asks the court to correct the record to reflect that he filed a "motion for substitution" on October 18, 2016. Dkt. No. 38 at 2. According to the plaintiff, the Clerk's Office incorrectly docketed the motion as a "motion for recusal." <u>Id.</u>

The court suspects that the plaintiff has confused the Wisconsin state court process with the procedures in federal court. Under Wis. Stat. §801.58, a party in a civil case in a Wisconsin circuit court may file a written request for substitution of a new judge, and if the assigned judge grants the motion, the clerk refers the case to the chief judge for assignment to a new judge. There is no similar process or statute in federal court. In federal court, if a party does not like the judge assigned to his case, he has only one option—to ask the judge to recuse herself under 28 U.S.C. §455. Section 455 lays out specific grounds that the judge must consider in deciding whether to recuse herself. Because there is no federal substitution procedure, the court interpreted the plaintiff's motion as a motion asking Judge Pepper to recuse herself. Because none of the facts listed in §455 exist, the court has denied that motion.

The court will grant in part and deny in part the plaintiff's motion.

5. *Plaintiff's Motion for Court's Assistance to Obtain the Names of Defendants and Obtain Deposition*

The plaintiff has filed a motion requesting the court's assistance in obtaining the "actual names" of thirty defendants. Dkt. No. 40. He seeks the full names of Major Ambrose, Capt. Garth-Dickens, Capt. John Doe, Lt. Reeves, Lt. Briggs (also CO), Lt. Anderkoski, Lt. Montoya, Lt. Artison, CO Scheller, Nurse Katy Connly, Social Worker Sara, Deputy McCoy, Deputy Schroeder, Sgt. Sawczuk, Nurse Vicki, Nurse Brenda #1, Nurse Brenda #2, Social Worker Melinda, CO Wilborn, CO Mizdiack, CO Hubber, CO Yang, CO Webb, CO Francis, CO Smith, CO Hannah, CO Ruiz, CO Morcow, CO Stephens, and CO Hannah. The proper procedure for the plaintiff to follow is to use the discovery process to ask counsel for the defendants for the defendants' full names. If the defendants don't respond to that request, or if the defendants can't figure out the full names of these individuals, then plaintiff then may ask the court for help.

In addition to obtaining the defendants' full names, the plaintiff also asks for the court's assistance in deposing these. He requests that the court arrange and schedule dates for him to meet with each defendant, in order to obtain each defendant's sworn deposition. The Federal Rules of Civil Procedure have specific requirements that a party must satisfy in order to take a deposition. See Fed. R. Civ. P. 30. The party must satisfy the requirements of the rule, see Fed. R. Civ. P. 30(b)(1), and the burden for making the arrangements for the deposition (including hiring and paying a court reporter to record the deposition) is the plaintiff's.

9

This does not mean that the plaintiff cannot obtain information about the defendants. Once the court has lifted the stay on the discovery process, the plaintiff can use that process to submit questions to the defendants (called interrogatories), or to ask the defendants to admit certain facts (requests for admission), or to ask the defendants to produce certain documents (requests for production). Using those discovery tools, the plaintiff may be able to collect the information he seeks to collect by deposition.

6. *Conclusion*

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's motion to amend and add parties. Dkt. No. 28. The court denies the motion to amend. The court grants the plaintiff's motion to add parties to the extent that the plaintiff has identified the Doe defendants. The clerk shall update the case caption on the docket sheet as follows: Jane Doe Nurses are Nurse Vicki, Nurse Brenda 1, and Nurse Brenda 2; Social Worker Does are Malinda and Sara; Correctional Officer John Does are Officer Wilborn, Officer Mizdiak, Officer Hubber, Officer Yang, Officer Webb, Officer Hannah, Officer Ruiz, Officer Mercado, Officer Briggs, and Officer Stephen; and Major Jane Doe is Major Ambrose.

The court **DENIES** the plaintiff's motion for substitution of judge. Dkt. No. 31.

The court **DENIES AS MOOT** the defendants' motion to dismiss. Dkt. No. 33.

The court **DENIES** the plaintiff's motion for amendment of clerical errors by Clerk of Court. Dkt. No. 38.

The court **DENIES** the plaintiff's motion for court's assistance to obtain the names of defendants and obtain deposition. Dkt. No. 40.

The court **GRANTS IN PART AND DENIES IN PART** the defendants' joint motion to stay further proceedings. Dkt. No. 43. The court **ORDERS** that the parties may engage in discovery related to exhaustion of administrative remedies until **January 10, 2017**. The court **STAYS** discovery related to the merits of the plaintiff's claims until resolution of the issue of exhaustion of administrative remedies.

The court **GRANTS** the defendants' joint motion for entry of a briefing schedule. Dkt. No. 44.

The court **ORDERS** that the plaintiff's response to the defendants' amended motion to dismiss is due by the end of the day on **February 1, 2017**; the plaintiff must mail it in time for the court to receive it by that date. The defendants shall file their reply is due within fourteen days of the date the plaintiff files his response.

Dated in Milwaukee, Wisconsin this 29th day of November, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge