UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ENNIS LEE BROWN,

                Plaintiff,

v.                                      Case No. 16-cv-241-pp

CAPTAIN GARTH-DICKENS; LT. REAVES;
LT. BRIGGS; LT. MONTANO;
LT. ANDRYKOWKSI; LT. ARTUS;
CO SCHERRER; DEPUTY MCCOY;
DEPUTY SCHROEDER; SGT. SAWCZUK;
NURSE PRACTITIONER DOE; DR. JANE DOE;
NURSE VICKIE; MALINDA, *Social Worker Doe*,
CO WILBORN; JOHN DOES, *sued as Deputy John Does 1-4*;
MAJOR AMBROSE; NURSE BRENDA 1;
NURSE BRENDA 2; SARA, *Social Worker Doe*;
CO MIZDKIAK; CO HUBBER; CO YANG;
CO WEBB; CO HANNAH; CO RUIZ;
CO MERCADO; CO BRIGGS; AND CO STEPHEN,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 77), GRANTING DEFENDANTS' MOTION TO DISMISS UNRELATED CLAIMS (DKT. NO. 78) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR ISSUANCE AND SERVICE OF SUBPOENA (DKT. NO. 90)**

---

        Plaintiff Ennis Lee Brown, who is incarcerated at the Wisconsin Secure Program Facility, filed an amended complaint alleging that the defendants violated his constitutional rights when he was confined at the Milwaukee County Jail. Dkt. No. 10. The plaintiff has filed a motion to compel discovery, dkt. No. 77, and a motion for issuance and service of subpoena, dkt. no. 90. The defendants have filed a motion to dismiss unrelated claims. Dkt. No. 78. The court will deny the plaintiff's motion to compel, deny without prejudice the

1

plaintiff's motion for issuance and service of subpoena, and grant the defendants' motion to dismiss unrelated claims. As explained below, the court will give the plaintiff a deadline of Friday, April 12, 2019 by which to (1) file a second amended complaint in this case, containing only the claims he alleged in claim #1 of his amended complaint (page 2 of that amended complaint), and (2) file separate, new complaints (new cases) raising the allegations he raised in claims 2-6 of the amended complaint.

I.  **Procedural Background**

In his amended complaint, the plaintiff alleged that the defendants violated his constitutional rights while he was confined at the Milwaukee County Jail. Dkt. No. 10. The court screened the amended complaint and allowed the plaintiff to proceed on claims based on six separate incidents. Specifically, the court

> allow[ed] the plaintiff to proceed on the following constitutional claims: (1) Fourteenth Amendment excessive force and Eighth Amendment failure to provide medical care claims against CO Hannah and three John Doe COs, based on the February 6, 2013, incident; (2) Eighth Amendment deliberate indifference claim against Nurse Practitioner Jane Doe and Dr. Jane Doe for continuing to prescribe harmful medication to the plaintiff between November 2012 and June or July 2013; (3) Fourteenth Amendment excessive force claim against Deputy Schroeder and Eighth Amendment deliberate indifference/failure to provide medical care claim against Deputy McCoy, Sgt. Sawczuk and Deputy John Does #1, #2, #3, and #4, related to the March 29, 2013, stun gun incident; (4) Fourteenth Amendment due process and Eighth Amendment conditions of confinement claims, based on being placed in segregation without a hearing and the conditions in segregation, against Major Jane Doe, Sgt. Sawczuk, Lt. Finkley and Deputy John Doe #1; (5) Eighth Amendment deliberate indifference claim against Jane Doe #2, Jane Doe #3, Lt. Reeves, Capt. Garth Dixon, Lt. Artison and CO Scherer based on the July 30, 2013, suicide attempt; and (6) Eighth Amendment deliberate indifference/medical care claim

> against CO John Doe #6, CO John Doe #7, CO John Doe #8, Lt. Reeves, Lt. Briggs, Lt. Finley, Lt. Montoya, Lt. Anderkowski, Lt. Artison, Nurse Jane Doe #3, Nurse Jane Doe #4, Nurse Jane Doe #5, Nurse Jane Doe #6, CO #6, CO #7, CO #8, CO #9, CO #10 and CO #11 based on the plaintiff's face and MRSA.

Dkt. No. 11 at 8.

On October 28, 2016, the defendants filed a motion to dismiss the case. Dkt. No. 33. The brief in support of the motion argued that the plaintiff had not exhausted his administrative remedies before filing the federal lawsuit, as required by the Prison Litigation Reform Act. Dkt. No. 34 at 1. The plaintiff filed an opposition brief on November 3, 2016. Dkt. No. 41. That same day, the defendants amended their motion to dismiss. Dkt. No. 43. On November 29, 2016, the court granted the plaintiff's motion to add parties (allowing him to substitute actual names for the Doe defendants) and stayed further proceedings on the merits of the plaintiff's claims until it could resolve the exhaustion issue. Dkt. No. 48.

On March 30, 2018, the court denied the defendants' amended motion to dismiss for failure to exhaust administrative remedies.[1] Dkt. No. 75 at 14-17. The court found that the parties dispute whether the plaintiff exhausted available administrative remedies because they do not agree whether the plaintiff knew about the jail's grievance procedure, and when. Id. at 14. The court found that the parties also dispute whether the plaintiff attempted to exhaust the remedies that were available to him regarding Claim 1, Claim 3,

---

[1] The court treated the motion as a motion for summary judgment because the defendants submitted, and the court considered, matters outside the four corners of the complaint. Dkt. No. 75 at 8-10.

Claim 4 and Claim 5. Id. at 15. Regarding Claims 2 and 6, the court noted that it appeared the parties disputed whether the jail's grievance procedure applied to these medical care claims. Id. at 16. Nonetheless, the court determined that it could not tell on this record whether the plaintiff had failed to exhaust those claims because there was a genuine dispute as to whether the plaintiff knew of the grievance procedure at the time his medical clams arose. Id. The court concluded:

> In short, the genuine factual disputes over whether the plaintiff exhausted available administrative remedies preclude the court from granting the defendants' motion to dismiss. The Seventh Circuit has held that where there are questions of fact regarding whether a petitioner exhausted his administrative remedies, a court should conduct a hearing on exhaustion, and permit any discovery it deems appropriate regarding the exhaustion issue. Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008). The case should proceed to a determination on the merits only if the court determines that the petitioner has properly exhausted his administrative remedies, or that the plaintiff's failure to exhaust was not his fault. Id. If the plaintiff has not exhausted his remedies, and the failure was innocent, the court may give him another chance to exhaust. Id. If the court determines that the plaintiff was at fault for his failure to exhaust, "the case is over." Id. If there comes a point where the court concludes that the plaintiff has exhausted his remedies, "the case will proceed to pretrial discovery, and if necessary a trial, on the merits . . . ." Id.

Dkt. No. 75 at 16-17.

After denying the defendants' motion to dismiss for failure to exhaust administrative remedies, the court denied the defendants' motion to dismiss claims against individuals that the plaintiff did not list in the caption of his amended complaint. Id. at 17. Then the court turned to the issue of joinder.

The court stated that, while it should have caught this issue at the screening stage, the amended complaint might violate the joinder rule in

Federal Rule of Civil Procedure 20. The court gave the parties an opportunity to file briefs regarding the joinder issue—specifically, whether the plaintiff's six claims, which arose out of six different incidents on different dates involving different alleged violations, violated Rule 20. Dkt. No. 75 at 18. The court stated that after the parties briefed the question of whether the amended complaint violated Rule 20, it would decide whether to allow the plaintiff to proceed on the amended complaint as it was, to require him to amend it to address only certain claims or to dismiss parties under Fed. R. Civ. P. 21. Dkt. No. 75 at 19. The court also stated that once the court had settled the Rule 20 issue, it would decide whether to schedule an evidentiary hearing on the exhaustion issue, and when. Dkt. No. 75 at 19.

On May 7, 2018, the defendants filed a motion to dismiss based on misjoinder of parties. Dkt. No. 78. The parties have fully briefed this issue and the court addresses the motion below. In addition to the defendants' motion, the plaintiff has filed a motion to compel discovery, dkt. no. 77, and a request for issuance and service of a subpoena, dkt. No. 90. The court also addresses these motions in this order.

**II.   Defendants' Motion to Dismiss Unrelated Claims and Parties (Dkt. No. 78)**

After the court issued its order directing briefing on the issue of misjoinder of parties, and before the defendants filed their motion to dismiss unrelated claims and parties, the plaintiff filed an "Addendum." Dkt. No. 76. In his Addendum, the plaintiff states that the Milwaukee County Jail illegally detained him during the claims presented in this case. Id. at 1. According to

5

the plaintiff, the Milwaukee County Jail did not have the "authority" to legally detain him at the Milwaukee Correctional Facility in section/unit 4-D and, as a result, his claims are "part of a continuous act which I was falsely imprisoned and suffered some of the most horrific treatment and abuse." Id.

Defendants Andrykowski, Artus, Briggs, Garth-Dickens, McCoy, Montano, Reaves, Sawczuk, Scherrer and Schroeder (Corrections Defendants) filed a motion to dismiss based on the plaintiff's misjoinder of unrelated claims and parties. Dkt. No. 78. They contend that the multi-claim, multi-defendant nature of the plaintiff's amended complaint violates Rule 20 and should be dismissed. Dkt. No. 79 at 4. The Corrections Defendants state that the plaintiff has not made the necessary connections or established any nexus between his multiple claims sufficient to satisfy the "transaction" or "occurrence" requirements of Rule 20, nor are the defendants sufficiently connected to each other to satisfy the requirements of Rule 18. Id. The Corrections Defendants request that the court "take such action necessary to effectuate the limits of proper joinder of claims under Fed. R. Civ. P. 18 and 20, requiring plaintiff to separate his unrelated claims into independent lawsuits subject to screening under 28 U.S.C. § 1915A." Dkt. No. 79 at 8. They contend that the court also should deny the plaintiff's motion to add more claims/parties through his "Addendum." Id.

Defendants NP Jane Doe, Dr. Jane Doe, Jane Doe 2-3 and Nurse Jane Does 3-6 (Medical Defendants) filed a separate brief in which they also argue that the plaintiff's amended complaint violates Rule 20. Dkt. No. 81 at 1.

6

> Plaintiff embraced, and the Court initially allowed, this "scattershot" strategy, throwing all his claims into one stewpot. Importantly, Plaintiff fails to assert a claim involving a question of fact common to all defendants. Plaintiff also fails to assert a claim based on a transaction or series of transactions in which all defendants were involved. There is no showing that all defendants participated in the same transaction or series of transactions. While Plaintiff alleges a "series of occurrences," neither the factual nor legal analysis of the six incidents are the same.
>
> Unrelated claims against different defendants belong in different suits to prevent prisoners from dodging the fee payment or three strikes provisions in the PLRA. The Court should order Plaintiff to choose one of his six claims to pursue under this filing. The Court should also require Plaintiff to file a Second Amended Complaint pleading only the facts and naming only the defendants allegedly involved in that one claim. If Plaintiff wants to pursue separate lawsuits for his other five claims, the Court should instruct him to file new, separate complaints for each individual claim.

Dkt. No. 81 at 6-7.

The plaintiff's response argues that the "joinder of parties and claims have a commonality, in which they are all part of a 'transaction' and 'occurrence' of repetitive acts that stem from the policies and acts of 'Milwaukee County Agencies' or the Milwaukee County Sheriff's Depart." Dkt. No. 89 at 1. He states that his claims stem from a "continuing violation" of his rights and that they are properly joined on that basis. Id. at 2-3.

Under Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R.

7

Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. Moreover, joinder of multiple defendants into one case is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action" Fed. R. Civ. P. 20(a)(2).

The plaintiff has tried to combine six claims involving about forty defendants into one case. The six claims stem from separate incidents, which occurred on separate dates, and do not involve the same defendants. The six claims do not arise from the same transaction, occurrence, or series of transactions or occurrences. The fact that the plaintiff was allegedly illegally confined during the relevant time does not allow him to sue the defendants in a single case because the plaintiff's right to relief does not stem from the alleged illegal confinement.

In George, the Seventh Circuit instructed district courts that such "buckshot complaints" should be "rejected." George, 507 F.3d at 607. This was the state of the law when the court originally screened the plaintiff's amended complaint. The court regrets that it did not catch this issue then; it should have. After reviewing the parties' pleadings on the joinder issue, the court concludes that the plaintiff cannot proceed on all these claims in the same case. See Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for

8

dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). The court will grant the defendants' motion to dismiss unrelated claims.

There is no specific procedure for dividing up a single case into separate cases after a finding of misjoinder of parties. See McDowell v. Morgan Stanley & Co., Inc., 645 F. Supp. 2d 690, 697 (N.D. Ill. 2009). The court will order that if the plaintiff wants to proceed, he must file a second amended complaint in this case raising only the first claim on which the court's June 30, 2016 screening order allowed him to proceed—that is, his "Fourteenth Amendment excessive force and Eighth Amendment failure to provide medical care claims against CO Hannah and three John Doe CO's, based on the February 6, 2013, incident." Dkt. No. 11 at 8; see also #5 at page 5 of the amended complaint. The court will order that if he wants to pursue the other five claims on which the court allowed him to proceed, he must open new cases by filing new complaints related to each of the other five claims, as explained in detail below. The plaintiff will not have to pay a filing fee for any new complaint he files regarding Claims 2-6.[2] The court will screen the second amended complaint,

---

[2] Since the plaintiff filed this case, he has "struck out" under 28 U.S.C. §1915(g), which ordinarily would mean that in any new case he files, he cannot proceed without prepayment of the filing fee unless he is under imminent danger of serious physical injury. See Brown v. Hicks, et al., Case No. 16-1622 (7th Cir. Feb. 22, 2017) (imposing two "strikes," one for filing a frivolous complaint and a second for filing the appeal); Brown v. Wis. State Public Defender's Office, et al., 854 F.3d 916 (7th Cir. 2017) (imposing two strikes); Brown v. Kamphuis, et al., Case No. 17-cv-142-pp (E.D. Wis.) (dismissing for failure to state a claim on July 16, 2018). Because the plaintiff filed this case

9

and any new complaint the plaintiff files regarding the other five claims, under 28 U.S.C. §1915A.

### III. Plaintiff's Motion to Compel (Dkt. No. 77) and Plaintiff's Motion for Issuance of a Subpoena (Dkt. No. 90)

In his motion to compel, the plaintiff asks the court to compel the defendants to provide him with "any and all documents that allowed the Milwaukee County Sheriff Dept. to Detain Plaintiff from July 27, 2012 through October 28, 2013 for the case of 2012-cf-03796 or any case, court order, parole violation, warrant, of any Jurisdiction and or county or State in the Continental United States." Dkt. No. 77 at 2. The plaintiff states that he previously tried to obtain these documents from the defendants, and he was either ignored or denied access to the documents. Id. at 1.

The court stayed discovery on the merits until after it could resolve the defendants' motion to dismiss on exhaustion grounds. Dkt. No. 48 at 7. The court did not lift the discovery stay when it resolved the defendants' motion to dismiss because in that order it gave the parties the opportunity to file briefs on whether the amended complaint violated the joinder rule. In addition, the court has not yet determined which claims the plaintiff may proceed on in this case (and it won't be able to until he files his second amended complaint). It is premature for the court to allow discovery at this point. The court will deny the plaintiff's motion to compel.

---

raising these six claims before he struck out, however, the court will not apply §1915(g) to any new case he files regarding Claims 2-6. It *will* apply §1915(g) to any new cases that do not involve Claims 2-6 from this case.

10

The plaintiff also filed a request for service of a subpoena. Dkt. No. 90. The court has not yet ruled on this request because the court had stayed discovery. The court will deny the plaintiff's request without prejudice; he may refile it in the appropriate case, once he has filed the complaint, the court has screened the complaint and the court has issued a scheduling order.

**IV. Conclusion**

The court **GRANTS** the defendants' motion to dismiss unrelated claims. Dkt. No. 78. The plaintiff may not proceed on his amended complaint because the amended complaint violates Rules 18 and 20 of the Federal Rules of Civil Procedure.

The court **ORDERS** that if the plaintiff wants to proceed, he must file separate complaints for each of his six claims. The plaintiff may raise allegations related to Claims 1-6, as follows:

> (1) The plaintiff may file a second amended complaint **in this case** related to the allegations in the first claim on which the court allowed him to proceed—#5 at page 5 of his June 8, 2016 amended complaint, the Fourteenth Amendment excessive force and Eighth Amendment failure to provide medical care claims against CO Hannah and three John Doe CO's,[3] based on the February 6, 2013 incident. **The plaintiff's second amended complaint must be filed on the court's form complaint in time for the court to receive it by the end of the day on FRIDAY, APRIL 12, 2019. The plaintiff must write the words "Second Amended" at the top of the first page, next to the word "Complaint."**

---

[3] On October 18, 2016, the court received from the plaintiff a request to substitute the real names of certain Doe defendants. Dkt. No. 28. On page 3 of that motion, he listed names for ten correctional officer "Doe" defendants. Id. at 3. He identified CO Doe #4 as Hannah, whom he already has named in the claim described above. The court does not know which of the other correctional officers were the three officers involved in the February 6, 2013 incident. The plaintiff can make that clear in his second amended complaint.

11

(2) The plaintiff may file a new complaint in a **new case** related to the allegations in the second claim on which the court allowed him to proceed—#20 at page 8 of his June 8, 2016 amended complaint, the Eighth Amendment deliberate indifference claim against Nurse Practitioner Jane Doe and Dr. Jane Doe[4] for continuing to prescribe harmful medication to the plaintiff between November 2012 and June or July 2013. **The plaintiff's new complaint must be filed on the court's form complaint in time for the court to receive it by the end of the day on FRIDAY, APRIL 12, 2019 and must include a cover letter stating that "the plaintiff is filing a new case from Claim 2 in Case 16-cv-241."**

(3) The plaintiff may file a new complaint in a **new case** related to the third claim on which the court allowed him to proceed—#9 at page 6 of his June 8, 2016 amended complaint, the Fourteenth Amendment excessive force claim against Deputy Schroeder and Eighth Amendment deliberate indifference/failure to provide medical care claim against Deputy McCoy, Sgt. Sawczuk and Deputy John Does #1, #2, #3 and #4[5], related to the March 29, 2013 stun gun incident. **The plaintiff's new complaint must be filed on the court's form complaint in time for the court to receive it by the end of the day on FRIDAY, APRIL 12, 2019 and must include a cover letter stating that "the plaintiff is filing a new case from Claim 3 in Case 16-cv-241."**

(4) The plaintiff may file a new complaint in a **new case** related to the fourth claim on which the court allowed him to proceed—#11 at page 6 of his June 8, 2016 amended complaint, the Fourteenth Amendment due process and Eighth Amendment conditions of confinement claim, based on being placed in segregation without a hearing and the conditions in segregation, against Major John

---

[4] It does not appear that the plaintiff identified the nurse practitioner involved in this incident in his October 18, 2016 motion to substitute real names for Doe defendants. Dkt. No. 28. He asked for the court's assistance in obtaining the name of the Jane Doe doctor. Id. at 4. If the plaintiff has not yet figured out the name of that Jane Doe doctor, he may use the discovery process in the new case to obtain her name.

[5] The court cannot tell whether the plaintiff has identified the four John Doe deputies he referenced in this part of the complaint. His October 18, 2016 motion to substitute real names lists the names of ten correctional officer John Does, but does not mention the names of any John Doe deputies.

Doe,[6] Sgt. Sawczuk, Lt. Finkley, and Deputy John Doe #1. **The plaintiff's new complaint must be filed on the court's form complaint in time for the court to receive it by the end of the day on FRIDAY, APRIL 12, 2019 and must include a cover letter stating that "the plaintiff is filing a new case from Claim 4 in Case 16-cv-241."**

(5) The plaintiff may file a new complaint in a **new case** related to the fifth claim on which the court allowed him to proceed—##13-17 of his June 8, 2016 amended complaint, the Eighth Amendment deliberate indifference claim against Malinda (formerly Jane Doe #2), Sara (formerly Jane Doe #3), Lt. Reeves, Capt. Garth Dixon, Lt. Artison and CO Scherer based on the July 30, 2013 suicide attempt. **The plaintiff's new complaint must be filed on the court's form complaint in time for the court to receive it by the end of the day on FRIDAY, APRIL 12, 2019 and must include a cover letter stating that "the plaintiff is filing a new case from Claim 5 in Case 16-cv-241."**

(6) The plaintiff may file a new complaint in a **new case** related to the sixth claim on which the court allowed him to proceed—#21 of his June 8, 2016 amended complaint, the Eighth Amendment deliberate indifference/medical care claim that CO Hubber (formerly CO John Doe #6), CO Yang (formerly John Doe #7), CO Ruiz (formerly John Doe #8), Lt. Reeves, Lt. Briggs, Lt. Finley, Lt. Montoya, Lt. Anderkowski, Lt. Artison, and Nurse Jane Does 3-6[7] acted with deliberate indifference in treating the plaintiff's swelling face and MRSA. **The plaintiff's new complaint must be filed on the court's form complaint in time for the court to receive it by the end of the day on FRIDAY, APRIL 12, 2019 and must include a cover letter stating that "the plaintiff is filing a new case from Claim 6 in Case 16-cv-241."**

---

[6] It is not clear whether the plaintiff has identified the John Doe major involved in this claim. In his motion to substitute parties, he stated that as to "claim #12," someone named "Major Ambrose" ordered him to be kept in segregation after March 29, 2013, dkt. no. 28 at 4, but it is not clear if this is the same major who was involved in the fourth claim. It does not appear the plaintiff has identified the John Doe deputy from this claim.

[7] The plaintiff identified three Jane Doe nurses in his motion to substitute names—Nurse Vicki, Nurse Brenda and Nurse Brenda. Dkt. No. 28 at 2. It is not clear if these are the names of the nurses involved in the sixth claim, or if they were Doe nurses in some other claims.

The court is enclosing with this order six prisoner complaint forms, as well as a copy of the plaintiff's June 8, 2016 amended complaint, the court's June 30, 2016 screening order and the plaintiff's October 18, 2016 motion to substitute names.

The court **ORDERS** that if the plaintiff files a second amended complaint or a new complaint in compliance with this order, the court will screen those complaints under 28 U.S.C. §1915A. The court will not allow the plaintiff to proceed on any new claims that he did not raise in Claims 1-6 as described above.

The court **ORDERS** that if the plaintiff files the new complaints raising the allegations in Claims 2-6 in time for the court to receive them by the end of the day on Friday, April 12, 2019, the Prison Litigation Reform Act's three-strikes provision, 28 U.S.C. §1915(g), will not bar the plaintiff from proceeding without prepayment of the filing fee.

The court **DENIES** the plaintiff's motion to compel discovery. Dkt. No. 77.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for issuance and service of subpoena. Dkt. No. 90

Dated in Milwaukee, Wisconsin this 25th day of February, 2019.

> **BY THE COURT:**
>
> _____
> **HON. PAMELA PEPPER**
> **United States District Judge**