UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

                    Plaintiff,

v.                                             Case No. 16-cv-241-pp

CAPTAIN GARTH-DICKENS, et al.,

                    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 100) AND STRIKING PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT (DKT. NO. 101)**

On February 25, 2019, the court granted the defendants' motion to dismiss unrelated claims from this case and determined that the plaintiff could not proceed on his amended complaint because it violated Federal Rules of Civil Procedure 18 and 20. Dkt. No. 99 at 1. The court ordered that if the plaintiff wanted to proceed, he needed to file separate complaints for each of his six claims. Id. Specifically, the court ordered that by April 12, 2019, the plaintiff should file a second amended complaint in **this case** related to Claim 1 from his amended complaint and that he should file **separate new complaints** for each of Claims 2 through 6. Id. at 11-14. The plaintiff has filed a motion for review, dkt. no. 100, and a proposed second amended complaint, dkt. no. 101.

In his motion for review, the plaintiff states that he believes the court erred when it decided that his claims were misjoined. Dkt. No. 100 at 1. The

plaintiff points to a complaint that he filed on December 5, 2016 that he says would have corrected the issue of misjoinder, and added new claims and defendants along with the names of John and Jane Does. Id. According to the plaintiff, in the motion to amend that accompanied the amended complaint he supplied "a common [sic] he set forth to name the Correctional Officers and the Supervisor which instructed and ordered the detainment in the segregation area of the jail. To include 'several' motion claims, which connected the entire set of events through the direction of the superiors, David Clarke, Nancy Evans, and Milwaukee County." Id. The plaintiff says that he filed another motion to amend on October 8, 2017, and that the court ruled that it would address the plaintiff's request to amend once it resolved the issue of exhaustion of administrative remedies. Id. at 1-2. The plaintiff states that after resolving the exhaustion issue in his favor, instead of considering his requests to amend the complaint, it "ruled 20" and ordered him to file six separate complaints. Id. at 2. He states that the court did not allow him to correct the complaint before the decision. Id. The plaintiff points to the original screening order, which allowed the claims that arose at the Milwaukee County Jail to proceed in the same complaint. Id.

The plaintiff states that the claims presented in this case "is and was part of the 'conditions' and 'treatment' the plaintiff had experienced at the hands of the Defendants, while held at MCCJF." Id. at 3. He contends that the court's order to separate the claims "appears to separate the rights of the pro se and indigent plaintiff at this point." Id. According to the plaintiff, the

2

"separation comes as to, 'the court not allowing him the same rights of a none [sic] confined, knowledgeable person of the Law, who is not indigent (In form pauperis), with counsel, not convicted of a sex crime, suing the State of Wisconsin or its agents or entities of Governments in said state." Id. The plaintiff asks the court to review the record and its ruling to correct the error and ensure that he is treated equally and justly as the law and Constitution demand. Id. at 4.

The plaintiff also has filed a proposed second amended complaint. Dkt. No. 101. In the accompanying cover letter, the plaintiff states that "the issues of relevancy and occurrence has been corrected to add the issue of 'Misjoinder' resolved in the new complaint." Dkt. No. 101-1. The proposed second amended complaint reiterates the plaintiff's six claims.

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Courts judge motions to reconsider (or to revise) an order under Rule 54(b) by largely the same standards as motions to alter or amend a judgment under Rule 59(e): "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987); compare Moro v.

Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996) (providing nearly identical standard for motion under Rule 59(e)).

The plaintiff has not shown that the court's February 25, 2019 order constituted a manifest error of law or fact. Contrary to the plaintiff's assertions, the plaintiff's proposed second amended complaint contains separate claims that belong in separate cases. The fact that the claims arose at the Milwaukee County Jail does not mean that the belong in the same case. The court acknowledges that its 2016 screening order allowed the plaintiff to proceed on the claims; it acknowledged that fact in its February 25, 2019 order, when it conceded that it should not have permitted the claims to proceed in the same case. Dkt. No. 100 at 5-10. Rather than just dismissing the case, the court has given the plaintiff the opportunity to file his claims correctly.

The court will deny the plaintiff's motion for review and it will strike the plaintiff's proposed second amended complaint. The plaintiff still has the opportunity to file a single, second amended complaint, addressing the facts surrounding Claim 1, by April 12, 2019.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 100

The court **STRIKES** the plaintiff's proposed second amended complaint. Dkt. No. 101

Dated in Milwaukee, Wisconsin this 26th day of March, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**