UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

      Plaintiff,

v.               Case No. 16-cv-241-pp

CAPTAIN GARTH-DICKENS, *et al.*,

      Defendants.

**ORDER STRIKING SECOND AMENDED COMPLAINT (DKT. NO. 104), DIRECTING THAT #5 AT PAGE 5 OF THE AMENDED COMPLAINT, DKT NO. 10, IS THE OPERATIVE COMPLAINT, ORDERING SERVICE OF THE AMENDED COMPLAINT ON DEFENDANT CO HANNAH AND DISMISSING ALL DEFENDANTS BUT CO HANNAH AND JOHN DOE COS 1-3**

  The plaintiff has filed a second amended complaint which includes claims that the court has twice ordered do not belong in the case. Dkt. No. 104. The court will strike the second amended complaint and allow the plaintiff to proceed on Claim 1, set out in #5 at page 5 of his June 8, 2016 amended complaint, dkt. no. 10.

I.  **Background**

  On February 25, 2019, the court granted the defendants' motion to dismiss unrelated claims and determined that the plaintiff could not proceed on his amended complaint, dkt. no. 10, because it violated Federal Rules of Civil Procedure 18 and 20. Dkt. No. 99 at 1. The court ordered that if the plaintiff wanted to proceed, he would have to file separate complaints for each of his six claims. Id. The court ordered that by April 12, 2019, the plaintiff must file a second amended complaint in **this case** related to Claim 1 from the

amended complaint, and that he should file **separate new complaints** for each of Claims 2 through 6 of the amended complaint. Id. at 11-14. The court also ordered that the plaintiff would not be able to proceed on any new claims that he did not raise in Claims 1-6, as described in the court's order. Id. at 14.

On March 4, 2019, the plaintiff filed a motion for reconsideration (titled a motion for review) of the court's February 25, 2019 order; he argued that the court erred when it decided that his claims were mis-joined. Dkt. No. 100 at 1. Two days later, the court received from the plaintiff a proposed second amended complaint which reiterated all six claims, and which included a cover letter asserting that this proposed pleading corrected the misjoinder problem the court had identified. Dkt. Nos. 101, 101-1.

The court denied the plaintiff's motion for reconsideration and struck the proposed second amended complaint. Dkt. No. 103. The court explained that

> [t]he plaintiff has not shown that the court's February 25, 2019 order constituted a manifest error of law or fact. Contrary to the plaintiff's assertions, the plaintiff's proposed second amended complaint contains separate claims that belong in separate cases. The fact that the claims arose at the Milwaukee County Jail does not mean that they belong in the same case. The court acknowledges that its 2016 screening order allowed the plaintiff to proceed on the claims; it acknowledged that fact in its February 25, 2019 order, when it conceded that it should not have permitted the claims to proceed in the same case. Dkt. No. 100 at 5-10. Rather than just dismissing the case, the court has given the plaintiff the opportunity to file his claims correctly.
>
> The court will deny the plaintiff's motion for review and it will strike the plaintiff's proposed second amended complaint. The plaintiff still has the opportunity to file a single, second amended complaint, addressing the facts surrounding Claim 1, by April 12, 2019.

Dkt. No. 103 at 4.

2

II. **Plaintiff's April 10, 2019 Second Amended Complaint (Dkt. No. 104)**

As noted, the proposed second amended complaint again includes all six of the plaintiff's claims. Dkt. No. 104. The plaintiff filed a cover letter in which he stated that the second amended complaint included all "related matters pertaining to claim one (1)." Dkt. No. 104-1. He asserted that the claims all relate to treatment he received at the Milwaukee County Jail after Major Nancy Evans (Major Jane Doe) placed him in segregation. Id. "As such it show[s] a 'continuing violation of my rights, and the Mental Health Medication side-effects may account for the suicidal thoughts and illregular [sic] behavior." Id.

As the court has explained twice now, the plaintiff may not proceed on all these claims in the same case. Dkt. No. 99 at 5-10; Dkt. No. 103 at 1-4. The plaintiff's second amended complaint does not change the court's mind about its prior rulings on this issue, nor has the plaintiff shown that the court erred. The court has given the plaintiff two chances to follow its orders by filing a second amended complaint

> related to the allegations in the first claim on which the court allowed him to proceed—#5 at page 5 of his June 8, 2016 amended complaint, the Fourteenth Amendment excessive force and Eighth Amendment failure to provide medical care claims against CO Hannah and three John Doe CO's, based on the February 6, 2013 incident.

Dkt. No. 99 at 11. Because the plaintiff has twice refused to follow the court's orders, the court will order that #5 at page 5 of the June 8, 2016 amended complaint is the operative complaint. Because CO Hannah has not answered the June 8, 2016 amended complaint, the court will order him to do so. Once defendant Hannah answers claim #5 at page 5 of the amended complaint, dkt.

3

no. 10, the court will issue a scheduling order, which will include a deadline for the plaintiff to identify defendants John Doe COs 1-3.

III. **Conclusion**

The court **STRIKES** the plaintiff's second amended complaint. Dkt. No. 104.

The court **ORDERS** that claim #5 at page 5 of the amended complaint, dkt. no. 10, is the operative complaint in this case. The plaintiff may proceed on Claim 1—#5 at page 5, which is his Fourteenth Amendment excessive force and Eighth Amendment failure to provide medical care claims against CO Hannah and the three John Doe COs, based on the February 6, 2013 incident.

Under an informal service agreement between Milwaukee County and this court, the court **ORDERS** that copies of the plaintiff's amended complaint, dkt. no. 10, and this order will be electronically transmitted to Milwaukee County for service on defendant CO Hannah; the court **ORDERS** defendant CO Hannah to file a responsive pleading to #5 at page 5 of the amended complaint within sixty days of receiving electronic notice of this order.

The court **DISMISSES** all defendants except CO Hannah and John Doe COs 1-3.

Dated in Milwaukee, Wisconsin this 11th day of June, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**