UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

                Plaintiff,

v.                                            Case No. 16-cv-241-pp

MICHAEL HANNAH, and
CO JOHN DOE, sued as John Doe CO's 1-3,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLARITY (DKT. NO. 114)**

      The plaintiff has filed a motion for clarity. Dkt. No. 114. He seeks clarity on several issues, and the court address his questions below.

**A.    Background**

      On February 25, 2019, the court granted the defendants' motion to dismiss unrelated claims and determined that the plaintiff could not proceed on his amended complaint, dkt. no. 10, because it violated Federal Rules of Civil Procedure 18 and 20. Dkt. No. 99 at 1. The court ordered that if the plaintiff wanted to proceed, he would have to file separate complaints for each of his six claims. Id. The court ordered that by April 12, 2019, the plaintiff must file a second amended complaint in **this case** related to Claim 1 from the amended complaint, and that he should file **separate new complaints** for each of Claims 2 through 6 of the amended complaint. Id. at 11-14. The court also ordered that the plaintiff would not be able to proceed on any new claims that he did not raise in Claims 1-6, as described in the court's order. Id. at 14. The

court advised the plaintiff that he would not have to pay a filing fee for any new complaint he filed regarding Claims 2-6, and that the court would not apply 28 U.S.C. §1915(g) to any new cases he filed regarding Claims 2-6. Dkt. No. 99 at 9, 10 n.2.

**B.     Plaintiff's Motion for Clarity, dkt. no. 114**

In his motion for clarity, the plaintiff first states that the court has not ruled on his supplemental brief in support of reconsideration (dkt. no. 107). Dkt. No. 114 at 1. The court notes that it rules on motions; it doesn't rule on briefs. Briefs provide the legal basis for the court to rule on motions. That technicality aside, the supplemental brief to which the plaintiff refers was filed in support of his *motion* for reconsideration, which he filed on March 4, 2019. Dkt. No. 100. He filed the supplemental brief on June 17, 2019, over three months after he filed his motion to reconsider. Dkt. No. 107. But on March 26, 2019, the court denied the plaintiff's motion for reconsideration of the court's order granting defendants' motion to dismiss unrelated claims. Dkt. No. 103. By the time the plaintiff filed his supplemental brief, the court already had ruled on the motion to reconsider—it had ruled almost three months earlier. The plaintiff filed his supplemental brief too late. The court has resolved the motion to reconsider.

Second, the plaintiff asks whether the court ruled in accordance to law on the issue of severance. Dkt. No. 114 at 1. He states that the Court of Appeals for the Seventh Circuit directed that when a federal civil case is severed, the court should not dismiss the second claim but, rather, the clerk of

2

court should create multiple docket numbers and the severed claims proceed as if the cases had been filed separately. Id. (citing UWM Student Assoc. v. Lovell, 888 F.3d 854, 864 (7th Cir. 2018)). The plaintiff points to *one* of the options the Seventh Circuit identified, but there is another—dismissal without prejudice, which is the option this court used in the plaintiff's case. See UWM Student Assoc., 888 F.3d at 864 ("The proper remedy for violations of Rules 18 and 20 is severance *or dismissal without prejudice*, not dismissal with prejudice.") (emphasis added). The court ruled properly when it dismissed Claims 2-6 without prejudice.

Third, the plaintiff asks why the defendants are being allowed to answer the complaint a second time, contrary to Fed. R. Civ. P. 12(a)(1)(A)(i), since they already answered the amended complaint on June 30, 2016. Dkt. No. 114 at 2. The answer is that the defendants are not answering the complaint a second time. Defendant Hannah, the only named defendant, was not listed in the caption of the plaintiff's amended complaint (dkt. no. 10 at 2), and as a result, defendant Hannah was not served with the amended complaint and did not answer have the opportunity to answer it. The plaintiff subsequently identified CO Hannah as one of the Doe defendants, and the court added CO Hannah as a defendant at that time. Dkt. No. 48 at 10. Hannah accepted service on July 9, 2019, dkt. no. 111, and it is Hannah—and only Hannah—who recently field an answer, dkt. no. 112.

Fourth, the plaintiff asks whether the court is reopening and/or reviewing its ruling as to exhaustion of administrative remedies. Dkt. No. 114

3

at 3. On March 30, 2018, the court denied the defendants' amended motion to dismiss for failure to exhaust administrative remedies. Dkt. No. 75 at 14-17. The court found that the parties disputed whether the plaintiff had exhausted available administrative remedies because they did not agree on whether the plaintiff knew about the jail's grievance procedure, and when. Id. at 14. The court found that the parties also disputed whether the plaintiff had attempted to exhaust the remedies that were available to him regarding Claim 1 (and his other claims). Id. at 15. The deadline for the plaintiff to file an amended complaint identifying Doe defendants is November 15, 2019. Dkt. No. 113. Once any Doe defendants have been identified and served, and filed a responsive pleading, the court will allow those defendants an opportunity to indicate whether they want an evidentiary hearing on the exhaustion issue or to notify the court that they will waive the exhaustion affirmative defense. So the answer to the plaintiff's question is that the court hasn't issue a final ruling on the exhaustion issue; it will do so once all the defendants have answered the complaint, and only if they indicate that they want to pursue the exhaustion defense.

  Fifth, the plaintiff asks why the court has not exercised its discretion to join his claims to preserve scarce judicial resources. Dkt. No. 114 at 3. It is true that it is important for the court to preserve judicial resources, but that isn't a reason for the court to allow a plaintiff to join unrelated claims and unrelated defendants. Joining unrelated claims and defendants prejudices the defendants, confuses juries (when the cases get that far), and puts an

additional burden on the courts to try to figure out which claims and which evidence relates to which defendants.

Sixth, the plaintiff asks whether this court should still be presiding over this case after the grievances and writ of mandamus he filed in the Seventh Circuit. Dkt. No. 114 at. 4. He states that he has questioned the court's "racial views" and "integrity to administer the law," yet the court refuses to "sever" itself as required by 28 U.S.C. §455(a). Dkt. No. 114 at 4. The plaintiff states that the court has refused to investigate the validity of his being held at the Milwaukee County Criminal Justice Facility. Id. at 5. He also states that any reasonable person would assume bias. Id. The court has considered the plaintiff's arguments in support of recusal, and has denied motion for recusal under 28 U.S.C. §455(a). Dkt. No. 48 at 4-5. The court explained in that order why it was doing so. Nothing has changed; the plaintiff has not provided a sufficient reason to show that the court should be disqualified under 28 U.S.C. §455(a). See Liteky v. United States, 510 U.S. 540, 555-56 (1994).

The court **GRANTS** the plaintiff's motion for clarification. Dkt. No. 114.

Dated in Milwaukee, Wisconsin this 9th day of October, 2019.

                                          **BY THE COURT:**

                                          _____

                                          **HON. PAMELA PEPPER**
                                          **United States District Judge**