UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ENNIS LEE BROWN,

                Plaintiff,

v.                                                      Case No. 16-cv-241-pp

MICHAEL HANNAH,
and CO JOHN DOE, sued as John Doe CO's 1-3,

                Defendants.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PARTY (DKT. NO. 118) AND DISMISSING DEFENDANT MICHAEL HANNAH, GRANTING DEFENDANT'S MOTION TO ADD PARTY (DKT. NO. 118) AND ADDING MARLON HANNAH AS A DEFENDANT; DENYING AS MOOT PLAINTIFF'S MOTION FOR RECUSAL/MOTION TO CLARIFY (DKT. NO. 121); DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 122); DENYING PLAINTIFF'S MOTION TO ADD PARTIES (DKT. NO. 124); GRANTING DEFENDANT'S MOTION TO FILE AMENDED ANSWER (DKT. NO. 125); DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 127) AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY PROCEEDINGS AND AMEND SCHEDULING ORDER (DKT. NO. 132)**

---

On June 11, 2019, the court struck the plaintiff's second amended complaint and allowed the plaintiff to proceed on Claim 1 from his June 8, 2016 amended complaint (dkt. no. 10). Dkt. No. 106 at 1, 4. Specifically, the court allowed the plaintiff to proceed on Claim 1—#5 at page 5, his Fourteenth Amendment excessive force and Eighth Amendment failure to provide medical care claims against CO Hannah and the three John Doe COs, based on the February 6, 2013 incident. Dkt. No. 106 at 4. Defendant Michael Hannah answered the amended complaint on August 12, 2019, dkt. no. 112, and three

1

days later the court issued a scheduling order, dkt. no. 113. That order required the parties to complete discovery by December 16, 2019; to move to amend the pleadings by November 15, 2019; and to file dispositive motions by January 17, 2020. Id. The defendant since has filed a motion to dismiss party and add party, dkt. no. 118; and a motion to file amended answer, dkt. no. 125. The plaintiff has filed a motion for recusal and motion to clarify, dkt. no. 121; a motion to compel discovery, dkt. no. 122; a motion to add parties, dkt. no. 124; and a motion for leave to file amended complaint, dkt. no. 127. The plaintiff has also filed a document submitting the names of two of the three John Doe defendants. Dkt. No. 123. Finally, the defendant has asked the court to stay proceedings until it rules on the pending motions. Dkt. No. 132.

### A. Defendant's Motion to Dismiss and to Name New Defendant (Dkt. No. 118); Defendant's Motion for Leave to Amend Answer (Dkt. No. 125)

The defendant asks to dismiss defendant Michael Hannah and to add Marlon Hannah as a defendant. Dkt. No. 118. The defendant indicates that in seeking to determine the identity of the "CO Hannah" named in the amended complaint, counsel thought that the defendant was Michael Hannah, based on an initial review of the allegations and the initial interview with Michael Hannah. Dkt. No. 119 at 1. The defendant says, however, that a further review of Milwaukee County Jail records showed that *Michael* Hannah had no connection with the allegations in the amended complaint, and that the plaintiff likely intended to name *Marlon* Hannah as a defendant. Id. The defendant explains that this understanding of the plaintiff's intent is solidified

by the plaintiff's recent Sixth Request for Discovery, which clarified that he is suing the CO Hannah who no longer works at the Milwaukee County Jail. Id. at 1-2. According to the defendant, Marlon Hannah no longer works at the jail, he has consented to be represented by the Office of Corporation Counsel and, if named, defense counsel will accept service on his behalf. Id. at 2. The defendant says that because Michael Hannah has no connection to the allegations in the plaintiff's amended complaint, he should be dismissed as a defendant and Marlon Hannah should be named as a defendant consistent with the plaintiff's allegations and his discovery inquiry. Id.

Based on the defendant's motion and supporting brief, it appears that two CO Hannahs worked at the Milwaukee County Jail during the relevant events the plaintiff described in the amended complaint. While CO *Michael* Hannah was served with the amended complaint, the defendant now has additional information clarifying that CO *Marlon* Hannah is the "CO Hannah" named in the amended complaint. The plaintiff has indicated that while the court referred to the defendant as "Melvin Hannah" (the court can't find any record of its referring to the defendant as "Melvin"), "the actual Defendants name is 'MARLAN HANNAH", the brother of Melvin Hannah." Dkt. No. 123. The court construes this as the plaintiff's agreement that the correct plaintiff is Marlon Hannah. The court will grant the defendant's motion to dismiss Michael Hannah, and to add Marlon Hannah.

On November 5, 2019, the defendant filed a motion for leave to amend the answer along with a proposed amended answer that references CO Marlon

3

Hannah as a party in place of CO Michael Hannah. Dkt. No. 125. The court will grant this motion and direct the clerk's office to docket the proposed amended answer (Dkt. No. 125-1).

### B. Plaintiff's Motion for Recusal and Motion to Clarify (Dkt. No. 121)

On August 23, 2019, the court received from the plaintiff a document entitled "Motion for Clarity." Dkt. No. 114. In that motion, the plaintiff asserted that in his brief in support of his motion asking the court to consider its order requiring him to select from among his many mis-joined claims (dkt. no. 107), he'd presented arguments supporting his view that his claims were properly joined; he argued that the court had not addressed those arguments. Id. at 1-3. He also questioned whether the court should continue to preside over his case, given that he'd filed grievances against Judge Pepper and a writ of *mandamus* with the Seventh Circuit. Id. at 4-6. On October 9, 2019, the court responded to that motion in a five-page order, explaining why the law required the plaintiff to select among his claims, and responding (as it has several times) to his allegations that Judge Pepper is biased against him. Dkt. No. 120.

The next day—October 21, 2019—the court received this current motion for clarification and motion for recusal. Dkt. No. 121. It is almost identical to the motion the plaintiff filed in August, at Dkt. No. 114. The court addressed the plaintiff's questions, as well as his request for recusal, in its order filed October 9, 2019. Dkt. No. 120. (The court's October 9, 2019 order probably didn't reach the plaintiff before he submitted his October 10, 2019 motion for recusal and clarity.) Because the court already has addressed the issues raised

4

in the plaintiff's motion for clarity and motion for recusal, the court will deny the motions as moot.

C. **Plaintiff's Motion to Compel Discovery (Dkt. No. 122)**

In April 2018, the plaintiff filed a motion to compel the defendants to provide him with discovery, which he summed up as "any and all documents that allowed the Milwaukee County Sheriff Dept. to Detain the Plaintiff from July, 28, 2012 through October 28, 2013 fore the case of 2012-cf-03796 or any case, court order, parole violation, warrant, of any Jurisdiction or county or State in the Continental United States." Dkt. No. 77 at 2. This discovery related to one of the many claims in the amended complaint—his fourth claim, that certain defendants violated the Fourteenth and Eighth Amendments by placing him in segregation without a hearing. See Dkt. No. 99 at 2. The court denied the motion to compel on February 25, 2019, noting that it had stayed the proceedings on the merits until it could resolve the defendants' motion to dismiss on exhaustion grounds. Dkt. No. 99 at 10.

On October 23, 2019, the court received from the plaintiff this current motion to compel; it is identical to the motion he filed in April, except that the plaintiff didn't sign or date it. Dkt. No. 122 at 1-2. The plaintiff did not include a certification showing that he conferred with defense counsel before filing his motion to compel, as required by Civil Local Rule 37 (E.D. Wis.) (motion to compel must "be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it

5

without court action, the parties are unable to reach an accord"). Without such a certification, the plaintiff's motion is premature.

Even if the plaintiff had complied with the court's local rule, the court would deny his motion, because it asks for discovery that is not relevant to the claim upon which he's proceeding. Since the last time the plaintiff filed this motion, the court required him to choose a single claim upon which to proceed. The plaintiff did not make that choice, so the court allowed him to proceed on claim #5 at page 5 of the June 8, 2016 amended complaint, "the Fourteenth Amendment excessive force and Eight Amendment failure to provide medical care claims against CO Hannah and three John Doe CO's, based on the February 6, 2013 incident." Dkt. No. 106 at 3. The information the plaintiff seeks in his motion to compel is not relevant to that claim.

In his response, the defendant argued that under Federal Rule of Civil Procedure 37(a)(5)(B), when a court denies a motion to compel, the party opposing the motion may recover reasonable expenses (including attorneys' fees). Dkt. No. 126 at 2. The defendant asserts that the court should allow him to recover expenses under this rule because the plaintiff has requested information multiple times, requiring multiple responses, all of which have stated that the information is unrelated to the case pending before the court. Dkt. No. Id. The defendant contends that he should not have been put to the burden and expenses of addressing these unnecessary discovery demands. Id.

Rule 37(a)(5)(B) "presumptively requires" that the plaintiff should pay the defendant's reasonable expenses. See Rickels v. City of S. Bend, Ind., 33 F.3d 785, 786 (7th Cir. 1994). The rule provides:

> If the motion [to compel] is denied, the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). The plaintiff has not responded to the defendant's request for reasonable expenses. The court cannot conclude that the plaintiff's motion to compel was "substantially justified." The plaintiff did not certify that he consulted with the defendant before seeking court intervention and he seeks information unrelated to the claims he is proceeding on in this case. The court is unaware of other circumstances that would make an award of expenses unjust. Cf. Banty v. Dings Co. Magnetic Group, No. 09-C-0963, 2010 WL 4337905, at *3 (E.D. Wis. Oct. 22, 2010) ("[i]ndigency does not make an award unjust"); Rickels, 33 F.3d at 786-87 (affirming district court's order that unrepresented litigant pay reasonable expenses, including attorney's fees, under Rule 37(a)(4)). The court will direct the defendant to submit a documentation of the reasonable expenses, including attorney's fees, incurred in opposing the plaintiff's motion to compel.

### D. Plaintiff's Motion to Add Parties (Dkt. No. 124)

The plaintiff has asked the court to allow him to add parties and claims based on "newly discovered evidence" which shows that he was illegally

7

detained during the time when his claim arose. Dkt. No. 124 at 1-2. He says that this new evidence shows that his claims were properly joined, and that the court should not have required him to select one claim upon which to proceed. Id. at 1-2. If, in fact, the plaintiff has new evidence to support his claim of illegal detention, he may file a new lawsuit making that allegation. The court already has decided, however, that he cannot pursue that claim—regardless of how much evidence he has—in *this* lawsuit. Dkt. Nos. 99, 103, 106. The plaintiff is attempting to use this request to have the court—once again—reconsider its order that he can't proceed on unrelated claims in a single case. The court understands that the plaintiff disagrees that the claims are unrelated. He is entitled to disagree, but the court's ruling stands. The court will deny the motion to add parties.

**E.     Plaintiff's Motion to Amend Complaint (Dkt. No. 127)**

The plaintiff also has asked the court to allow him to amend the complaint and has provided a proposed amended complaint. Dkt. Nos. 127, 127-1. He seeks to include jail record exhibits as newly discovered evidence to show that he was illegally detained during the time when his claims arose. Dkt. No. 127 at 1. The plaintiff states that the claims and parties that the court previously dismissed may be properly joined because his detention during the relevant time period was illegal. Id. at 2. According to the plaintiff, he has presented official jail records that show him "OWB" (out with bail) after the "No Process" with the jail, yet he was never released and was held in violation of his Fourth Amendment rights. Id. at 4.

This motion is another attempt to have the court reconsider its order dismissing unrelated claims. As explained above and in previous orders, the plaintiff may not proceed on all his claims in this case. See also Dkt. No. 99 at 5-10; Dkt. No. 103 at 1-4; Dkt. No. 106 at 3. The court will deny the motion.

### F. Plaintiff's Submission of the Names of John Does (Dkt. No. 123)

On November 1, 2019, the plaintiff provided the court with the names of John Doe defendants #1 and #2, and with two potential names for John Doe #3. Dkt. No. 123. The plaintiff stated that he was waiting for a photo to help him determine the correct name of John Doe #3. Id.

The August 15, 2019 Scheduling Order set a deadline of November 15, 2019 for the plaintiff to file motions to amend the pleadings or add parties, including the identification of the John Doe defendants. Dkt. No. 113 at 1. The plaintiff's letter is timely.

The claim upon which the plaintiff is proceeding stated:

> On February 6 2013 while on suicide watch, the C.E.R.T. Team for [Milwaukee County Criminal Justice Facility] was doing a cell search. After the search, I was getting the restraints removed as C.O. Hannah was removing them 3 other C.O's snatched the rib belt putting me into the food shute up to my chest. As they held the belt the hand cuff's cut into my writs. C.O. Hannah again started to remove the cuff's and when he did my wrist was bleeding and my forearm's where scratched up and scarred. I then asked for medical attention and was denied. Later that nite Nurse Vicki examined me while passing out meds.

Dkt. No. 10 at 5, ¶5. The court will direct the clerk's office to substitute the names Michael Huber and Michael Ninkovic for two of the "John Doe CO's 1-3." The court will require the plaintiff to identify the third John Doe CO by the end

9

of the day on January 31, 2020. If the plaintiff does not identify the third John Doe CO by the end of the day on 31, 2020, the complaint will proceed against Marlon Hannah, Michael Huber and Michael Ninkovic.

### G. Defendant's Motion to Stay and Amend Scheduling Order (Dkt. No. 132)

The defendant has asked the court to stay proceedings until it could rule on the above motions, and then to amend the scheduling order to allow discovery regarding any additional defendants. Dkt. No. 132. The plaintiff filed an objection, but the substance of the objection is the plaintiff's argument that the court ought to grant his motions to compel discovery on the illegal detention claim (which is not part of this case). Dkt. No. 133.

The portion of the motion that seeks a stay of proceedings is moot, but the court will grant the portion of the motion that seeks amendment of the scheduling order. The court will require the two added defendants (and if the plaintiff identifies him, the third identified C.O.) to answer or otherwise respond to the allegations in paragraph 5 of the amended complaint (Dkt. No. 10) by the end of the day on February 28, 2020. Once the new defendants have answered or otherwise responded, the court will set a deadline for conducting discovery as to the *new defendants only*, and will set a new dispositive motions deadline.

### H. Conclusion

The court **GRANTS** the defendant's motion to dismiss party. Dkt. No. 118. The court **DISMISSES WITH PREJUDICE** defendant Michael Hannah.

10

The court **GRANTS** the defendant's motion to add party. Dkt. No. 118. The court **ORDERS** that the clerk's office shall add Marlon Hannah as a defendant.

The court **GRANTS** the defendant's motion to file amended answer. Dkt. No. 125. The court **ORDERS** that the clerk's office will docket the proposed amended answer, dkt. no. 125-1, as the operative answer.

The court **DENIES AS MOOT** the plaintiff's motion for recusal/motion to clarify. Dkt. No. 121.

The court **DENIES** the plaintiff's motion to compel discovery. Dkt. No. 122.

The court **GRANTS** defendant's request for reasonable expenses, including attorney's fees, incurred in opposing the plaintiff's motion to compel. Dkt. No. 126. The court **ORDERS** that the defendant shall submit documentation of reasonable expenses within thirty days of the date of this order.

The court **DENIES** the plaintiff's motion to add parties. Dkt. No. 124.

The court **DENIES** the plaintiff's motion for leave to file amended complaint. Dkt. No. 127.

The court **ORDERS** that the clerk's office shall add defendants Michael Huber and Michael Ninkovic in place of two of the "John Doe CO's 1-3."

The court **GRANTS IN PART AND DENIES IN PART** the defendant's motion to stay proceedings and amend scheduling order. Dkt. No. 132. The

court **DENIES AS MOOT** the defendant's motion to stay proceedings. The court **GRANTS** the defendant's motion to amend the scheduling order.

The court **ORDERS** that the plaintiff must provide the court with the identity of the third John Doe CO in time for the court to receive it by the end of the day on **January 31, 2020**.

The court **ORDERS** that defendants Huber and Ninkovic (and any third defendant identified by January 31, 2020) must answer or otherwise respond to the complaint by the end of the day on **February 28, 2020**.

Dated in Milwaukee, Wisconsin this 6th day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**