UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

                Plaintiff,

v.                                                  Case No. 16-cv-241-pp

JACOB GENNRICH, MARLON HANNAH,
MICHAEL HUBER, and MICHAEL NINKOVIC,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 145) AND DIRECTING PLAINTIFF TO PAY DEFENDANT'S COUNSEL $214.95 IN FEES AND COSTS**

The plaintiff has filed a motion asking the court to reconsider its order denying his petition for an interlocutory appeal. Dkt. No. 145. The court denied the petition because the issues the plaintiff identified did not involve controlling questions of law and would not materially advance the termination of his litigation. Dkt. No. 143 at 2. In his motion for reconsideration, the plaintiff contends that there are "several disputes of 'questions of controlling law,' 'substantial grounds of difference in opinion' and 'by granting the appeal it WILL terminate the litigation on several levels.'" Dkt. No. 145 at 1. The plaintiff explains that he wants to file an interlocutory appeal to show the continuing transaction by the defendants and that he now has "newly discovered evidence" to support adding the dismissed claims and parties. Id. at 1, 2. The plaintiff says that the new evidence (attached to the plaintiff's motion at Exhibits 1 and 2) shows the jail policy or "Housing Assignment," as well as the policy or

1

criteria for assignment. Dkt. No. 145-1 at 6 (Exhibit 1). The plaintiff also says that his "Housing History" from July 27, 2012 through October 9, 2013 shows that he was not placed in the Special Needs Housing Unit at any time relevant to "the suicide attempts." Dkt. No. 145 at 3; Dkt. No. 145-1 at 1-5, 7-11 (Exhibit 2). The plaintiff says that at the time of the events he's alleged, the defendants acted contrary to the Housing Assignment and as a "continuing wrong" or "set of same transactions." Dkt. No. 145 at 3.

The information in the plaintiff's exhibits does not show that the court erred in denying his petition for an interlocutory appeal. Even if the court construed the plaintiff's motion as a motion for reconsideration of its prior orders both granting the defendants' motion to dismiss unrelated claims and denying the plaintiff's motions for reconsideration of that order, the court would deny the motion. The court has explained to the plaintiff that in this case, he may proceed on excessive force and failure-to-provide-medical-care claims against CO Hannah and three John Doe COs, based on the February 6, 2013 incident.[1] Dkt. No. 106 at 4. The court has explained to the plaintiff that he may *not* proceed on any other claims *in this case,* and that his allegation that he was illegally confined during the relevant time does not change this determination. Dkt. Nos. 99, 103, 106. The plaintiff now appears to allege that he has evidence to show that he was not housed in the Special Needs Housing Unit, despite alleged suicide attempts, during the relevant period. This

---

[1] The plaintiff has identified the three John Doe COs. They are Jacob Gennrich, Michael Huber and Michael Ninkovic.

allegation does not change the court's determination that he cannot proceed on unrelated claims in a single case nor does it demonstrate that all of claims in the June 8, 2016 amended complaint are related.

Finally, under the court's January 6, 2020 order, the defendants have submitted documentation of the reasonable expenses, including attorney's fees, that they incurred in opposing the plaintiff's motion to compel. Dkt. No. 134 at 7, 11. Counsel for the defendants submitted a declaration which states that the defendants incurred $189.00 in attorney's fees and $25.00 in paralegal fees, for a total of $214.00 in fees, in opposing the plaintiff's motion. Dkt. No. 144 at 2. They also incurred $0.95 for paper and postage costs. Id. These fees and expenses are reasonable and the court will order the plaintiff to pay counsel for the defendant $214.95 by the end of the day on **April 24, 2020**.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 145.

The court **ORDERS** the plaintiff to pay counsel for defendants the sum of $214.95 by the end of the day on **April 24, 2020**.

Dated in Milwaukee, Wisconsin this 21st day of February, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**