UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ENNIS LEE BROWN,

                Plaintiff,

v.                                            Case No. 16-cv-241-pp

JACOB GENNRICH, MARLON HANNAH,
MICHAEL HUBER, and MICHAEL NINKOVIC,

                Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR CONTEMPT (DKT. NO. 158)**

---

        On January 6, 2020, the court denied the plaintiff's motion to compel discovery, granted the defendants' request for reasonable expenses (including attorney's fees incurred in opposing the plaintiff's motion to compel) and ordered the defendants to submit documentation of reasonable expenses. Dkt. No. 134 at 11. The defendants submitted the required documentation of the expenses they incurred in opposing the plaintiff's motion to compel, dkt. no. 144, and on February 21, 2020, the court ordered the plaintiff to pay counsel for defendants the sum of $214.95 by April 24, 2020, dkt. no. 148 at 3. The defendants since have filed a motion for a finding of civil contempt against the plaintiff based on his failure to comply with the February 21, 2020 order. Dkt. No. 158. The court will deny the defendants' motion because the plaintiff has shown that he lacks resources to pay the defendants.

        In support of their motion for contempt, the defendants state that not only has the plaintiff failed to comply with the court's order, he has not made

1

any reasonable effort to comply. Dkt. No. 158 at 3-6. The defendants request an order (1) finding the plaintiff in contempt of the court's prior order; (2) sanctioning the plaintiff for his continued disregard of the court's orders and litigious behavior; and (3) awarding reasonable expenses incurred in bringing the instant motion. Dkt. No. 158 at 1. The plaintiff filed a response in which he requests that the court disregard the motion as moot because, among other reasons, he is indigent and has no ability to pay any fees. Dkt. No. 161 at 1. He has included trust account statements from October 2019 through May 2020 which reflect that the plaintiff owes thousands of dollars in "Debts and Obligations," and has a $0 regular account balance, an approximate $43 release account balance and a $0 release savings balance. Dkt. No. 161-2 at 1-20.

To prove contempt, the movant "must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) . . . the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make any reasonable effort to comply." United States SEC v. Hyatt, 621 F.3d 687, 692 (7th Cir. 2010) (citing Prima Tek II, LLC v. Klerk's Plastic Indus., B.V., 525 F.3d 533, 542 (7th Cir. 2008)). Inability to pay is a valid defense to contempt proceedings and the plaintiff has the "burden of establishing 'clearly, *plainly*, and *unmistakably*' that 'compliance is impossible.'" Lightspeed Media Corp. v. Smith, 761 F.3d 699, 712 (7th Cir. 2014) (emphasis in original).

The defendants contend that the plaintiff has not shown that he is unable to pay. They base this argument on a statement the plaintiff made in a letter the court received from the plaintiff on May 4, 2020, in which he stated "when I have money sent in[,] I have it sent to others to help me and them." Dkt. No. 157 at 2. This statement does not support a finding of contempt. First, the letter from which the defendants pull this single sentence was a four-page, single-spaced document in which the plaintiff was expressing (as he has many times in other cases before the court) his frustration with the fact that he feels that he is not seen or heard by the court. In the paragraph containing the referenced sentence, the plaintiff was trying to convince the court that he is hardworking and tries to help others. While the tone of the plaintiff's communications with the court is sometimes—maybe often—contentious, the court has extensive experience with the defendant and believes that he tries to comply with the court's orders.

Second, the sentence says that "when" the plaintiff has money sent in, he sends it to others. He does not identify a date or a date range for when he has received money. The plaintiff's trust account statements from October 2019 (around the time the court issued its scheduling order) through May 2020 do not show any deposits that would allow him to pay the amount that the court awarded the defendants, especially considering his thousands of dollars of other debts and obligations. The plaintiff simply lacks the funds to pay the defendants, and the record shows no evidence to the contrary. The plaintiff has shown that he is unable to pay the amount awarded to the defendants. <u>See</u>

3

Johnson v. A.W. Chesterton Co., 18 F.3d 1362, 1366-67 (7th Cir. 1994). The court will therefore deny the defendants' motion for contempt.

Finally, the plaintiff has filed a request that the Clerk of Court enter default against defendant Marlon Hannah for his failure to answer or otherwise plead. Dkt. No. 165. Defendant Hannah answer answered the complaint on January 6, 2020, dkt. no. 135, as ordered by the court on that date, dkt. no. 134 at 2-4, 11.

The court **DENIES** the defendants' motion for contempt. Dkt. No. 158.

Dated in Milwaukee, Wisconsin this 10th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:16-cv-00241-PP   Filed 07/10/20   Page 4 of 4   Document 170