UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

                Plaintiff,

v.                                          Case No. 16-cv-241-pp

JACOB GENNRICH, MICHAEL HUBER,
and MICHAEL NINKOVIC,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 205) AND DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 217)**

      Plaintiff Ennis Lee Brown, who is in custody at the Wisconsin Secure Program Facility and is representing himself, filed an amended complaint alleging that the defendants violated his rights in 2012 and 2013 when he was confined at the Milwaukee County Jail. Dkt. No. 10. The court granted the plaintiff leave to proceed on Claim 1 from his amended complaint (dkt. no. 10, #5 at p.5) that the defendants used excessive force against him and failed to provide him with proper medical care. Dkt. No. 106 at 4. On March 2, 2021, the court granted in part and denied in part the defendants' motion for summary judgment. Dkt. No. 201. Specifically, the court denied the defendants' motion for summary judgment as to the plaintiff's excessive force claim that Officer Ninkovic slammed his head against a wall and choked him as well as his excessive force claim against Officers Ninkovic, Huber and Gennrich for allegedly grabbing the plaintiff's RIPP belt and pulling the plaintiff's arms through the chute on his cell door. Id. at 17-20. The court granted the defendants' motion for summary judgment as to the plaintiff's medical care claims against Officer Hannah and Huber. Id. at 23-24.

1

On March 15, 2021, the plaintiff filed a document titled "standing objection" in which he asserted some objections to the court's summary judgment decision. Dkt. No. 205. On April 29, 2021, the court held a telephonic status conference during which it set final pretrial conference and trial dates. Dkt. No. 212. During the status conference, the court asked the plaintiff if he intended his standing objections as a motion for reconsideration; the plaintiff said he did and the court ordered briefing on the motion. In addition to the motion for reconsideration, the plaintiff since has filed a motion to compel. Dkt. No. 217. The court addresses both motions below.

In his motion for reconsideration, the plaintiff states that the court failed to include facts stating that he was under the care of mental health staff and mental health medication on the date of the incident (February 6, 2013) as well as facts relating to the defendants' failure to follow policies before interacting with him while he was on observation status. Dkt. No. 205 at 1. The plaintiff states that it appears that the court may not have had this vital information because it did not receive all 800 pages of the exhibits he submitted. Id. The plaintiff also states that if the court had received the entire file he sent, it would have been aware of his mental incapacity and that the nursing staff he saw after the incident were mental health staff conducting a wellness check on him because he had recently attempted suicide. Id. at 2. The court had at least about 600 pages of exhibits the plaintiff filed. Dkt. Nos. 189-1, 189-2, 189-3, 189-4. Moreover, the court had information about the plaintiff being on suicide watch and that corrections staff check on inmates every fifteen minutes when they are on suicide watch. Dkt. No. 201 at 4-5. Even if the court did not receive all the documents the plaintiff submitted, it had many documents regarding the concerns he has raised.

2

Next, the plaintiff states that former defendant Marlon Hannah and the C.E.R.T. violated jail policy by approaching him without contacting mental health staff for direction, because policy did not allow them to interact with him without a mental health staff member present. Id. The plaintiff challenges the dismissal of Marlon Hannah at summary judgment; he contends that Marlon Hannah showed deliberate indifference when applying the restraints contrary to jail policy by making contact with a mentally challenged pretrial detainee without the permission or support of the mental health staff and failing to request medical attention or intervene when the other defendants were choking him. Id. at 2. The plaintiff has not demonstrated that the court erred in dismissing defendant Hannah from the case because whether Hannah violated jail policy has no bearing on the plaintiff's constitutional claims. See Self v. Bergh, 835 F. App'x 873, 875 (7th Cir. 2020) (citing Pulera v. Sarzant, 966 F.3d 540, 551 (7th Cir. 2020)).

Next, the plaintiff contends that court erred in denying his motion for default. Dkt. No. 205 at 3. He states that the defendants did not file a "definitive answer" to his complaint and that the defendants' electronic signatures on their declarations are not authentic. Id. The court already has addressed these issues, dkt. no. 201 at 28-29; the plaintiff's motion rehashes his previous arguments.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996). The plaintiff's

3

motion does not present any newly-discovered evidence and he has not shown that the court's order contains a manifest error of law. The court will deny his motion for reconsideration.

Next, the plaintiff has filed a motion to compel. Dkt. No. 217. He says that he sought original copies of declarations filed by the defendants in support of their summary judgment motion because the declarations they filed were not authentic. Id. at 1. The court already has explained that the declarations the defendants submitted comply with the court's electronic filing procedures. Dkt. No. 201 at 28-29. The court will deny the plaintiff's motion to compel.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 205.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 217.

Dated in Milwaukee, Wisconsin this 26th day of July, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**