UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

                Plaintiff,

v.                                                Case No. 16-cv-241-pp

JACOB GENNRICH, MICHAEL HUBER,
and MICHAEL NINKOVIC,

                Defendants.

**ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR TAXATION OF COSTS (DKT. NO. 268) AND GRANTING DEFENDANTS' MOTION FOR REIMBURSEMENT OF COSTS (DKT. NO. 268)**

Ennis Lee Brown, who is confined at the Wisconsin Secure Program Facility, filed this lawsuit alleging violations of his constitutional rights during his confinement at the Milwaukee County Jail. Following a trial, the jury returned a verdict for the defendants. Dkt. No. 260. The court entered judgment on September 15, 2021. Dkt. No. 257. The defendants since have filed a motion for taxation of costs and reimbursement of costs. Dkt. No. 268.

Three days after the defendants filed their motion, the Clerk of Court filed a Bill of Costs, taxing costs in the amount of $5,317.91. Dkt. No. 271. The court will deny as moot the defendants' motion for the taxation of costs.

The defendants also request that the court issue an order for collection of costs. Dkt. No. 269 at 2. Under the *in forma pauperis* statute—28 U.S.C. §1915—if a judgment against a prisoner includes the payment of costs, the prisoner shall be required to pay the full amount of the costs ordered. 28

1

U.S.C. §1915(f)(2)(A). The monthly installment scheme described in §1915(b)(2) for payment of suits or appeals launched by incarcerated persons applies to costs awarded against incarcerated persons who do not prevail as to liability. Bruce v. Samuels, 577 U.S. 82, 86 (2016) (citing 28 U.S.C. §1915(f)(2)(B)).[1] The court will grant the defendants' motion and order payment of the costs in the manner described in §1915(b)(2).

The court **DENIES AS MOOT** the defendants' motion for taxation of costs. Dkt. No. 268.

The court **GRANTS** the defendants' motion for reimbursement of costs. Dkt. No. 268.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the full $5,317.19 amount of the costs taxed by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to **Milwaukee County Corporation Counsel, 901 N. 9th St – Rm 303, Milwaukee, WI 53233-1425**, each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name

---

[1] Subsection (f)(2)(B) provides: "The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fee under subsection (a)(2)." "Subsection (f)(2)(B)'s reference to subsection (a)(2) is a scrivener's error as the reference should be to subsection (b)(2)." Johnson v. McNeil, 217 F.3d 298, 300 (5th Cir. 2000) (citing Talley-Bey v. Knebl, 168 F.3d 884, 886-87 (6th Cir. 1999)). Subsection (a)(2) states only that a prisoner bringing suit shall submit a certified copy of his trust fund account statement, while subsection (b)(2) provides a mechanism for the payment of filing fees.

and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Wisconsin Secure Program Facility.

Dated in Milwaukee, Wisconsin this 4th day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**